Good morning, may it please the court. I'm Jeffrey Ehrlich from Mr. Scollard, the appellant, and I'd like to reserve four minutes of time for my rebuttal. The core issue before this court is whether emergency or the California Judicial Council Emergency Rule No. 9 operated to toll the one-year limitations provision in Mr. Scollard's homeowner's policy, and that limitations provision was required to be in the policy by virtue of California Insurance Code Sections 2070 and 2071. So, counsel, let me just ask it that, I mean, at the end of the day we agreed this is a state law question, right? It is indeed. Yeah, and so, I mean, I think what you came, you did a good job on reconsideration, because I think this is your best argument, is to say, well, this was mandated, therefore it's not a contractual provision. It's really akin to a statute of limitations. But where is the California case law that supports that theory? Because I didn't see any, I mean, I saw cases that applied this Rule 9 in different contexts, but I didn't see one that said it applied straight up to a contractual provision. I don't think there is a case that says that Rule 9 applies to this particular limitations provision. But let's take it out of this context and say any contractual provision. Your Honor, I think, I don't know that Rule 9 does apply to any contractual limitations provision, or maybe more accurately, to all contractual limitations provisions by virtue of the fact that there are limitations provisions. So, go ahead, go ahead. Our argument is that this particular contractual limitations provision has been repeatedly recognized by the California courts as more than just a contractual limitations provision. Because it is statutorily mandated, it's not subject to negotiation, it can't be attacked as ambiguous or difficult to understand, because the legislature prescribes it. And as a result, the California cases have said that the provision in the fire insurance policy, which a homeowner's policy in California is, is a statute of limitations. And to that, you've got the cases that we've cited. Does this all come on the cases? Does this all come down to 20th century? Is that kind of the key case here? And the cases it relies on, yes, Your Honor. Okay. But the other side makes, you know, points out that there are some differences between this Provision 9 we're talking about and Section 340.9 that was at issue in 20th century. In that, you know, had a clause that said, notwithstanding any other provision of law or contract, and that it also seemed like it would be non-operative if it didn't apply, you know, the 340.9 just wouldn't have any work to do if it didn't apply to the contract. So how do you how do you deal with those two distinctions in 20th century? Why do you think they don't matter here? I guess I would say that if you took the or contract language out of 340.9 and then you ran the case through 20th century, the analysis. Because the question in 20th century that the court was grappling with is the insurance company was saying, you can't, this isn't a contract, and you can't change the terms of the contract without violating the federal and the state limits on the, you know, vested rights of contracts. And the Court of Appeals says, no, it's a statute of limitations because it's mandated by the legislature, and the legislature has the right to change limitations periods without violating the impairment of contracts clause. Right, so I agree with you as far as that that part of it goes. The opinion, I will say, without disrespect to the California Court of Appeals, is a little confusing in its construction because it has this whole section that you're talking about, about the vested rights, but then it does go on to then talk about some features of 340.9 that the court seems to treat as relevant to the question, the two features I just mentioned. I think that's fair, Your Honor. And if, obviously, that statute was targeted to this limitations provision because this limitations provision was statutorily mandated to be in every contract, insurance contract. So that's why I say that if you had deleted the language in 340.9 and had just said not withstanding a provision of law, the case would have come out the same way. I don't think that the whole, you don't read 20th century and see that it all hinges on the fact that the legislature included the provision or contract. Well, there is a distinction, though, a pretty clear distinction between contract and law. And by taking out the or contract language in the Northridge case, it seems to me it might have come out differently. Well. Because the provision of the limitation period is set in the contract. Because, Your Honor, the legislature requires that provision to be included in every contract. There's no way. It's not something that is bargained for. It's not something that could be negotiated by the parties. It's not something, and I know this from firsthand experience, because when you read the Lawrence case. Because you have a house in Northridge? No, I argued the Lawrence case, and I was arguing that it should be a notice statute. And the court said to me, in the opinion, no, it's a statutorily mandated requirement, and therefore you don't get to say it's ambiguous. You don't get to change it. Just to put a finer point on it, you're really, I mean, you're not disagreeing with the idea that if this is a contract, if this is a contract, a contractual term, you lose. But you're saying it's not a contractual term because it's required by law, and therefore it fits. It's really akin to a statute of limitations. I think that's the only way you can. No, I agree with Your Honor. I guess that where I am having difficulty is saying, if it's a contract, I lose. It's undeniably in a contract. Right, but you're saying we shouldn't treat it as a contractual term. Right. I mean, that's what you're saying. Or as a mere contractual term, I guess. Yeah, okay, so that's helpful. So then, but I guess I come back to the, you know, how to read 20th century. Because one way to read it is to say, one question, first question in the case is, can the legislature, you know, disrupt somebody's contract through legislation that alters the statute of limitations? Answer, yes, because it's not a vested right, as you point out. It's a statutory-based right. So can they do it? Yes. Second question, did they do it? And in the case of 340.9, the answer was yes. So I'm kind of at the did they do it here question. And what do we think in Emergency Rule 9 shows us that they did do it? Because I think in the case of 20th Century, there was some affirmative reason to think that that was true for the provision there. How about here? Here, Your Honor, I would say point to two things. First, you have the Advisory Committee comment to the rule, which says that the drafters intended the rule to be applied broadly, irrespective of where the limitations period appeared in the codes in California. And the second point I would make is that by 2020, there was a baseline of California law, 20th Century, Lawrence, Poppy Ridge Partners. I mean, Lawrence, I'm sorry, but the 20th Century Court looked at Lawrence and looked at Poppy Ridge Partners and said that based on those cases, in its view, it was already settled law in California that the mandatorily, statutorily mandated provision in 2071 was a statute of limitations for all purposes. That was settled law already. And so when the drafters of the rule were trying to say all statute of limitations, there's no reason to believe, based on that background, that they would somehow believe that a statute of limitations like the one in everyone's insurance contracts that would govern every breach of contract case against an insurance company in California in the relevant period, every insurance bad faith case, would somehow be immune in light of the statutory, I'm sorry, the history of interpreting these statutes to 20, you know. So why did they leave out core contract language in the emergency rule? You know, Your Honor, I don't have a good answer. I mean, the lawyer in me says because they realized it wasn't necessary. Well, the judge in me says, you know, because they overlooked it. More to the point, the fact that they left it out does have some practical implication. Your statement is, your position is, it doesn't have practical implication for you. But if they had put in or contract, you'd be in here arguing we're contract, we're covered. They didn't put it in, so now you're saying, well, yeah, we're a contract, but we're also a statute of limitations. That is true. And so it's very possible. So you're just saying you're a hybrid, you are a hybrid provision that you win either way. Well, I mean, we win in the sense that the drafters during the COVID crisis wanted to extend statute of limitations for filing civil lawsuits. And so we fall within that category. And, you know, yes, that when the... Right, but you can't rely on that. Well, because that provision clearly covers more than those that are protected by the statute. No, I'm sorry. My train of thought, what I was trying to circle back to is Judge Hullman's question, which is that, and actually the question that you began with, the argument with, which is that I'm not going to argue, and I don't have to argue, and I wouldn't argue that because the drafters left out or contract that you should just ignore that for every contractual term. I think that the inference is they left it out because purely contractual negotiated limitations periods and contracts didn't seem to be, they didn't want to open up every single one of those. But I do think that they were thinking, based on the history of California law, that something that is required by statute to be included and that cannot be negotiated away and can't be attacked is unlawful. See, and that's the problem, is I'm not seeing the California case law that supports... Well, Your Honor... You say 20th century does. Well, okay, let's go to the cases it relied on. You've got the Poppy Ridge case, and that's a bad-faith case or breach of contract case under 2071, and the insurance company didn't plead the statute of limitations as an affirmative defense. And the Court of Appeal says California requires that that statute of limitations be pleaded, and the insurance company says, yeah, but it's in a contract, and our general denial put in, essentially operated to deny that all of the conditions and terms of the contract had been complied with. And the court said, not good enough, because it's a statutorily mandated limitations defense, you had to plead it, and therefore, you've waived it by not pleading it. Can I ask you, are there... You made a good point about the baseline of the law, that may have been your words, but I'll use them, about kind of the development of the law since 20th century. Are there cases, California cases, after 20th century that you would direct us to? Well, the Blue Shield case that we talk about, I mean, it's not directly in point there, because first, it wasn't a 2071 case. It was the disability insurance statute that the Ninth Circuit dealt with in Lew Ellers. And the parties there had exercised... The insurer had changed the provision, and as a result, the argument was it was ambiguous. But the court clearly looked at Lew Ellers and said, the legal analysis that it relied on, Mies and investors, didn't support the conclusion that this is not... This mandated provision is not a statute of limitations. It recognized what 20th century said, and then it went on to say, but the issue here is different because it's ambiguous. So we have, essentially, there is a California Court of Appeal opinion that is critical of the analysis of the... In the ERISA case in Lew Ellers, and says it doesn't comport with California law. I'd like to reserve the balance of my time, if I may. Thank you. Good morning, Your Honors. May it please the court, my name is Matt Bates, so I represent State Farm. And the first point I'd like to address is that I think it is a mischaracterization of Section 2071 to say it's mandated. It expresses what the minimum requirement is. So in other words, an insurance company does not have to have a one-year contractual limitations in the policy. What 2071 says is that if you do have a contractual limitations in the policy, it cannot be any less than one year. So one way to look at this, I think, is that it's not self-executing. If there was... Is that what your argument hinges on? If it's self-executing, do you agree that this then becomes a statute of limitations provision? No, Your Honor. I think it's just one element to establish how this contractual limitations differs from a statute of limitations. So if it's not in the policy, 2071... You're making the same argument as they said. You have to have a one-year period. You'd be saying that's still a contractual requirement, it's not a statute of limitations. Yes. I think that's still accurate, Your Honor. And I'm just trying to separate the difference between the two because you also have things like the tolling applies differently than a statute of limitations applies. There's no tolling of a standard statute of limitations as this contractual limitations is told. The accrual process is different for a statute of limitations than it is as it relates to the contractual limitations. And so I think those things together show that this is not a statute of limitations, a contractual limitations. And then when we turn to what should be the plain reading of Emergency Rule 9, I think Your Honor's properly pointed out that it doesn't say that it applies to contract. And the interesting thing about all of those emergency rules, 1 through 11 I think it is, is that they do address many different things which implies the intent to leave out contracts. So they have things like foreclosure proceedings, unlawful detainers, juvenile dependency, juvenile delinquency. I mean, I think you're right about that. And I don't think opposing counsel is disagreeing with that. He's saying he's got a hybrid provision that is both a contract but also a statute of limitations and therefore it is covered by this. He agrees that other contractual provisions that are pure contracts aren't. So how do you address that? Well, I address it by disagreeing that this is a hybrid. This is a contractual limitations. And the California law that is most on point... Well, yeah, that's what I wanted to get to because, I mean, ultimately that's a state law question. Yes. And so what... I mean, does 20th century really address that issue? No, I don't think it does, Your Honor, because 20th century was limited to that particular fact of what was happening after the Northridge earthquake. Hold on, though. I do think 20th century would resolve the question of whether we treat a contract provision like this as sort of a statutory hybrid because it very clearly says it is. It says that the legislature can come in and essentially alter somebody's contract through action. And that's what happened in Section 340.9, which was that issue in 20th century. So I guess I have some issue with the first part of your argument. It seems to me the harder... Excuse me, where the case comes down to is, well, what was really going on in this Emergency Rule 9 and how much did the legislature need to say in this rule to get it into a spot where it could change the limitations period in the contract? Because it clearly could do that. The question to me is, did it? Well, and to address that question, Your Honor, I think it's important to contrast 20th century case with the Great American case. The Great American case clearly says that the contractual limitations is not a statute of limitations. That's cited in our brief. And that was taken more on a face value analysis. Wait, it said... Can you repeat what you said? It said that... It said that the... To quote the Great American case, it says, limitation periods in insurance policies are not statutes of limitations. They're contractual limitations. Right, but that was... Was that one that was mandated by the legislature? Well, it was a homeowner's policy, so it would have been mandated under 2071 to the extent that's considered a mandate. Again, I don't think it is a mandate, but... But you're saying it would be mandated in the... I mean, it would be required, whatever you wanna say, in the same way that this one was. Exactly, Your Honor. And that... And they said that it was still a contractual provision. That's correct, because they were predated or post dated 20th century? It predated 20th century, and the facts of that case are a little bit odd, because they're two insurance companies going against each other, where the one insurer is standing in the shoes of the insured through a subrogation action, and the second insurer said, no, you can't pursue subrogation because of this contractual limitations period, and the Court of Appeal agreed with that. Let's assume that under 20th century, this provision is a statutory hybrid, which the legislature could alter if it wanted to, and affect these parties' contractual relationship. I asked Mr. Ehrlich about two features of 20th century that were a little different than this case, and he came back and made two points in response. He said, first of all, look at the advisory committee notes. Those tell us that this was meant to be broadly. Second of all, he said, you have to understand that there had been basically a kind of solidifying of the law in the 20 plus years since 20th century that made it concrete that this was a statutory hybrid. And so those were his answers to me on that point, which are fair points. So how do you respond on those? Well, as to the second point, Your Honor, I don't think that that's accurate about it. It's been a solidifying of the law. And I think that is why the 20th century court went to such great lengths to talk about the legislative history. Because of the fact that it wasn't clear that it was a hybrid statute that would apply to Code of Civil Procedure, Section 340.9, the court had to look into what the legislature intended there. And so I think that actually in that regard, 20th century helps our position, because the court is saying, in essence, but for this legislative history, we don't think that this would apply for 340.9. And it was clear in that situation that the legislature intended to apply 340.9 to the contractual limitations. And that's why the court did that. But as to the first point, I also think the advisory committee notes on Emergency Rule 9 are in our favor as well, because they specifically do not mention anything that would be relating to contract or otherwise. They reference other particular parts of the Code, such as the Family Law Code and some other provisions. But nowhere do they say that it's intended to apply to contract. And I think most importantly, maybe, is the California Supreme Court's most recent analysis in the Rosenberg Wall case, which we provided in a subsequent letter brief to Your Honors, in which the court was given numerous opportunities there to say, these are the same things. This contractual limitation is a statute limitation. They did not adopt any of the language of 21st century. And, in fact, in one of the footnotes, they specifically say that it's not clear that it's equivalent for all purposes. And I think that that's the key provision here, because 20th century was applying it for a limited purpose. And the California Supreme Court declined to apply it as a statute of limitations in all purposes. And that's a recent opinion from the California Supreme Court. So, obviously, 20th century and these other cases predate all of that. So I think putting all that together, the concept of what 20th century was doing was limited for that purpose, because it was needed for that purpose. So, in other words, I think that the court in 20th century came back and said, this may have been written in a bit of a sloppy manner, because this was intended to address these contractual limitations. So we're going to correct it and say the legislative history says that, so we're going to apply it that way. But they were limited to just that point. And the subsequent cases that talk about 20th century didn't pick up on that fine point of what 20th century was doing. And so they just applied it separately. But we have the clear language in Great American saying it's not a contractual, it's not a statute of limitations. It's a contractual limitations on liability. In other words, meaning it's a condition precedent to having liability under the policy, and therefore it's not impacted by Emergency Rule 9. The one other point I'd like to address briefly, unless your honors have any other questions, is the standard of review. I think we have an interesting situation here, because none of these arguments about 2071 or 20th century were presented in the opposition to the motion for summary judgment. They were only in the motion for reconsideration, which your honors, as you well know, have a different standard of review for that. So I think that the district court's evaluation of these issues... Is there still a legal question? I mean, ultimately these are all legal questions. So I'm not sure why the standard of review is different. Well, I tend to agree generally with that, your honor, but I think that what the district court noted was important is that the motion for reconsideration isn't the time to bring up new arguments. It's not the time to bring up a new legal issue. Are you dropping your waiver argument and now couching it as, it's not waiver, but we get more deference? Maybe piggybacking on that argument, your honor. Fair enough. They sort of piggyback, you get to piggyback. And I do think that the district court judge gets more deference here because it was on the motion for reconsideration. Okay. And unless your honors have any other questions, thank you for your time. Well, before you sit down, just because we don't have cases that involve very valuable masks and statues, I just ask out of curiosity, why was the claim denied? The claim was denied for a few different reasons, primarily because there was a material misrepresentation of the policy. So in other words... What was the nature of the misrepresentation? That they thought it was a faked or staged theft. So basically it was denied for what we would colloquially call insurance fraud, although the policy doesn't describe it that way. There was also some other basis for denial related to the failure to cooperate in providing certain information. If you lost on this, would that, that would have to go to a jury? The fraud question? Not necessarily, your honor, because that, we still had other arguments in our summary judgment, including the fraud. And that hasn't been addressed yet. That's correct. So that would have to go forward. I guess one final question. Is this, I mean, are we at the beginning of like a flood of cases that are going to come in on this Rule 9? Like normally we wouldn't publish in a state law question, and I'm wondering if we need to, to the extent you know, take into consideration other cases. I know there's a few other cases percolating. I just don't know how analogous they are to this. Can you fill in the gaps on that at all? Only by speculation. And my speculation would be, no, I don't think this is a flood, because we're at four years from when this emergency Rule 9 expired. So by, you know, most, in insurance contract, context, regardless of the one year for a breach of contract, it's going to be four years. So I think that this is probably the only case that relates to this particular issue. Would be my guess. And that's just my guess. Kind of an unusual case, though, with an odd piece of art that's left in the parking lot at Costco for 15 minutes and suddenly disappears. Yes. And then the insurance says it's actually worth $126,000. Yes, it is an unusual case, and the video of, there was a video of the purported theft, and it's quite unusual, to put it Okay. Thank you. Thank you, Your Honors. Your Honors, if the insurance policy in this case had omitted the statute of limitations, so simply not included one, that wouldn't mean that the statute of limitations would be four years under the general statute of limitations, because it was a written contract, and California has a four year limitation provision. The fact, whether it's in the policy or not, is mandated. You get a year. If it doesn't say anything, your point is, if it doesn't, if it didn't say anything, It would be a one year statute. It would be a one year statute by virtue of law. By virtue of law. Right. So that's the statutory limitations. And then I don't want to lose track of the language in the 20th century, on page 1272, quote, insurance code section 2071's mandated provisions are treated identically to statutes of limitations, and then later on the same page, it's properly treated as a statute of limitations. No court has criticized that. No court has said that's incorrect, since that was decided. And so, again, going back to the drafting history of the judicial counsel, in light of those statements, it makes sense that they would say all statute limitations are told, and that they wouldn't have to specify for insurance contracts, because the law says, in California, and all of the trial courts are required in California to follow that law under stare decisis. Well, yeah, and I guess the question would be, if 20th century had ended there, you know, this sounds like a very good argument. But then it goes on to talk about some of the details of the Northridge provision, and how in the two features that you and I were talking about earlier. And so how do you explain that part of the 20th century decision? Because it's almost like it would be unnecessary on your reading of the case. Well, it might have been more than was required. But first of all, Justice Kroski was a very thorough justice, and had a reputation as sort of the preeminent author of insurance opinions. And at the time, this was a huge issue. The legislature had gone back and essentially revived all these cases. And then this was the first test case about whether this was constitutional or not. And so I think the court wanted to be very thorough. You know, it wasn't just one. I mean, it wasn't the major analysis in the case on the contract clause issue. There were lots of issues. You're saying it's kind of an alternative holding, I guess. Yes, Your Honor. So I had thought this would be a relatively easy case for the court. And if I misjudge that, I might suggest that this might be an appropriate case for the court to consider certifying to the California Supreme Court. And with that, I would urge you just to reverse. Thank you. Thank you. Thank you both for your arguments in the case. And that case is now submitted.
judges: TALLMAN, NELSON, BRESS